UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NASDAQ PRIVATE MARKET, LLC,<br><br>        Plaintiff,<br><br>        -v.-<br><br>THE HIIVE COMPANY LIMITED; HIIVE MARKETS LIMITED; THE HIIVE COMPANY (US) INC.; HIIVE ADVISORS INC.; HIIVE INVESTMENTS INC.; CONOR BELZER; and PARINA GHAFARI,<br><br>        Defendants. | 26 Civ. 5076 (KPF)<br><br>**TEMPORARY RESTRAINING ORDER** |

Upon consideration of Plaintiff Nasdaq Private Market, LLC's ("NPM" or "Plaintiff") Complaint, Motion for Temporary Restraining Order, Preliminary Injunction, and Expedited Discovery, Memorandum of Law in support thereof, the Declarations of Andrew Kroculick, Kyle Pearlman, and Brett R. Gallaway, and all papers submitted in support thereof, the Court finds good cause and ORDERS as follows:

1. **Restrictive Covenant Enforcement.** Defendant Conor Belzer ("Belzer") is restrained and enjoined, for a period of three months following entry of this Order, from directly or indirectly providing services to, working for, consulting with, advising, assisting, or otherwise participating in the business of The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., Hiive Investments Inc. (collectively "Hiive"), or any affiliated

entity, in violation of the restrictive covenant provisions of the Continuing Obligations Agreement ("COA").

2.      **Non-Solicitation.** Defendant Belzer is restrained and enjoined, for a period of one year following entry of this Order, from directly or indirectly soliciting, recruiting, inducing, encouraging, assisting in the solicitation or recruitment of, or otherwise interfering with Plaintiff's relationship with any current employee, customer, client, prospective customer, or business relationship protected by the COA, the Restrictive Covenant Agreement, or any other agreement with Plaintiff.

3.      **Confidential Information.** Except as expressly ordered by the Court for purposes of preservation, Defendants are restrained and enjoined from using, disclosing, transmitting, copying, downloading, retaining, deleting, destroying, modifying, disseminating, or otherwise exploiting any confidential, proprietary, or trade secret information belonging to Plaintiff.

4.      **Preservation of Evidence**. Defendants shall immediately cease all document and information deletion protocols and preserve all documents, communications, electronically stored information, devices, accounts, repositories, cloud-storage locations, email accounts, messaging applications, removable media, logs and other materials, including those that contain, reflect, reference, or relate to: (a) Plaintiff's confidential, proprietary, and/or trade secret information; (b) Defendants' acquisition, retention, storage, dissemination, or use of Plaintiff's confidential information; (c) Defendants' communications concerning Plaintiff's employees, and/or Plaintiff's customers; (d) any efforts by

Defendants to solicit, recruit, or communicate with Plaintiff's employees, customers, or prospective customers; or (e) any communications between Defendants concerning Plaintiff or any Plaintiff employee. Such preservation shall be made by creating and maintaining a separate forensic copy of all such materials, which copy shall be retained by Defendants' counsel or a neutral third party and shall not be accessible to any Defendant or individual custodian.

5.     **Return of Information.** Within 5 business days of entry of this Order, Defendants shall return to Plaintiff all confidential, proprietary, and trade secret information belonging to Plaintiff in Defendants' possession, custody, or control, including all copies, extracts, summaries, notes, analyses, and derivative materials containing or reflecting such information.

6.     **Deletion of Evidence/Information.** Within 5 business days of entry of this Order, Defendants shall permanently delete all information delivered to Plaintiff in connection with Paragraph 5 from all devices, computers, mobile phones, tablets, removable media, cloud-storage locations, repositories, accounts (including email accounts), and any other locations on which any confidential, proprietary, or trade secret information belonging to Plaintiff was stored, accessed, downloaded, transmitted, copied, or maintained, subject to the preservation obligations set forth in Paragraph 4.

7.     **Identification and Certification**. Within 5 business days of entry of this Order, Defendants shall provide a sworn declaration identifying:

a)     all devices, computers, mobile phones, tablets, removable media, cloud-storage locations, repositories, accounts (including email

3

accounts), messaging applications, and other locations on which any confidential, proprietary, or trade secret information belonging to Plaintiff was stored, accessed, downloaded, transmitted, copied, or maintained;

b)      the categories of Plaintiff's information retained, downloaded, copied, transmitted, accessed, or maintained by Defendants;

c)      all persons to whom Plaintiff's confidential, proprietary, or trade secret information was disclosed, transmitted, made available, or discussed;

d)      whether any of Plaintiff's confidential, proprietary, or trade secret information was shared with any employee, officer, director, contractor, consultant, or agent of any of Hiive; and

e)      the steps taken to preserve, return, remove, and cease use of Plaintiff's confidential, proprietary, or trade secret information and otherwise comply with this Order.

8.      **Expedited Discovery**. Upon entry of this Order, Plaintiff may immediately serve expedited discovery concerning Defendants' acquisition, retention, possession, dissemination, storage, preservation, disclosure, and use of Plaintiff's confidential, proprietary, or trade secret information, as well as Defendants' efforts to solicit, recruit, or communicate with Plaintiff's employees, customers, and/or potential customers. Defendants shall respond to such discovery on an expedited schedule established by the Court.

4

9.    **Production of Information**. Within 5 business days of entry of this Order, Defendants shall produce documents and communications concerning: (a) Plaintiff's confidential, proprietary, and/or trade secret information, including acquisition, retention, possession, dissemination, storage, preservation, disclosure, and use of Plaintiff's confidential, proprietary, or trade secret information; and (b) any efforts to solicit, recruit, or communicate with Plaintiff's employees, customers, and/or potential customers.

10.    **Security Bond**.  Plaintiff shall deposit with the Court $25,000.00, either by cash, company check, cashier's check, or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

11.    **Preliminary Injunction Hearing**. A hearing on Plaintiff's application for a Preliminary Injunction shall be held on **July 20, 2026**, at **10:00 a.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.

12.    **Duration**. This Temporary Restraining Order shall remain in effect until the Preliminary Injunction hearing or further Order of the Court.

SO ORDERED.

Dated:    June 18, 2026
          New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge