**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NASDAQ PRIVATE MARKET, LLC, | |
| Plaintiff, | Case No.: 1:26-cv-05076 (KPF) |
| v. | |
| THE HIIVE COMPANY LIMITED, et al., | |
| Defendant(s) | |

**<u>STIPULATION AND PROTECTIVE ORDER</u>**

**WHEREAS**, the Parties have agreed to the following interim terms of confidentiality to govern materials produced in the expedited discovery phase of this case pursuant to the Temporary Restraining Order (Dkt. No. 16) (the "TRO"), and the Court, having found good cause for an appropriately tailored confidentiality order under Rule 26(c) of the Federal Rules of Civil Procedure, enters this Order without expanding any Party's discovery obligations beyond the TRO, the Federal Rules of Civil Procedure, or further order of the Court;

**WHEREAS**, the Parties recognize that expedited discovery is required in connection with the TRO and pending preliminary injunction proceedings and have agreed to entry of this Protective Order to facilitate the disclosure and use of materials produced or disclosed during such discovery, without prejudice to any Party's right to object to discovery, challenge any designation, seek additional or different protections, or contend that any material is not relevant, discoverable, confidential, proprietary, or a trade secret; and

**WHEREAS**, the Parties further agree that this Order is intended to operate on an interim basis and does not address certain categories of additional potentially discoverable confidential information, including, *inter alia*, source code, which shall be governed by a separate written

agreement of the Parties or further order of the Court containing protections no less stringent than the minimum protections set forth below.

**IT IS HEREBY ORDERED**, that the following restrictions and procedures shall apply to the information and documents exchanged by the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, in connection with the expedited discovery phase of this action:

1. With respect to "Expedited Discovery Material" (i.e., documents, electronically stored information, testimony, and other materials actually produced or disclosed in the course of compliance with the TRO or expedited discovery in this action, and any copies, extracts, summaries, or descriptions thereof) that a person has designated under one of the confidentiality tiers under this Order, no person subject to this Order may disclose such Expedited Discovery Material to anyone else except as this Order expressly permits. Nothing in this Order requires the collection, review, production, return, deletion, or disclosure of any material not otherwise required by the TRO, expedited discovery pursuant to the TRO, the Federal Rules of Civil Procedure, or further order of the Court.

2. This Order shall not restrict any Party's use of its own documents or information, documents or information developed or obtained independently of discovery in this action, or documents or information that is or becomes part of the public domain through no breach of this Order, provided that such documents or information do not include any information originating or derived from any information that originated from NPM.

3. Expedited Discovery Material that is disclosed and designated under one of the confidentiality tiers in this Order shall be held and used solely in connection with this

litigation, and shall not be used for any business, commercial, competitive, personal, or other non-litigation purpose.

4. Counsel for a Party may provide advice and opinions to that Party concerning this action based on counsel's evaluation of designated Expedited Discovery Material, provided that counsel shall not reveal the substance or contents of such Expedited Discovery Material except as permitted by this Order, by written agreement, or by Court order.

5. Counsel for any Producing Party may designate any document or information, in whole or in part, under one of the confidentiality tiers only after making a good-faith, particularized determination that the designation is necessary to protect information qualifying for protection under this Order. Blanket, routine, or mass designations are disfavored, and a Producing Party shall promptly de-designate material that no longer qualifies for protection. Information and documents designated by a Party will be stamped either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—AEO," or "HIGHLY CONFIDENTIAL—OUTSIDE AEO." Counsel for any Producing Party agrees to consider in good faith any specific de-designation request.

6. In the event a Party challenges another Party's confidentiality designation, the challenging Party shall identify the challenged material and the basis for the challenge, and counsel shall meet and confer in good faith within three (3) business days. If the dispute is not resolved, the Challenging Party shall bear the burden of seeking relief from the Court to modify or remove the challenged designation within five (5) business days after the meet and confer, or within such other period as the Parties agree. The challenged designation shall remain in place until the dispute is resolved by agreement or Court order. Nothing in this Protective Order constitutes an admission by any Party that designated Expedited

Discovery Material disclosed in this case is relevant, confidential, proprietary, a trade secret, or admissible. Each Party reserves all rights to object to the admissibility of designated Expedited Discovery Material.

7. Counsel for any Party may designate any document or information, in whole or in part, as CONFIDENTIAL if counsel determines, in good faith, that the material contains non-public information whose disclosure is reasonably likely to cause competitive, commercial, personal, privacy, or other cognizable harm. Information and documents designated by a Party as CONFIDENTIAL will be stamped "CONFIDENTIAL."

8. All documents designated CONFIDENTIAL shall not be disclosed to any person except:

   a. The Receiving Party's outside and in-house counsel, including any insurers or counsel to insurers;

   b. Officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this action and solely for use in this action;

   c. Employees of outside counsel assigned to and necessary to assist in the litigation;

   d. Consultants, experts, jury or trial consultants, mock-jury personnel, litigation-support vendors, ESI vendors, demonstrative or audiovisual vendors, and other vendors assisting in the prosecution or defense of the matter, to the extent deemed reasonably necessary by counsel;

   e. The Court (including the mediator, or other person having access to any confidential information by virtue of his or her position with the Court);

   f. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   g. Court reporters, stenographers, and/or videographers engaged to transcribe any proceedings relating to the action.

9. Counsel for any Party may designate any document or information, in whole or in part, as HIGHLY CONFIDENTIAL—AEO if counsel determines, in good faith, that the material contains sensitive commercial, financial, technical, or competitive information, the

disclosure of which to another Party or Non-Party would create a substantial risk of serious competitive harm that cannot reasonably be avoided by less restrictive means.

10. All documents designated HIGHLY CONFIDENTIAL - AEO shall not be disclosed to any person except:

   a. The Receiving Party's outside counsel and two (2) designated in-house counsel whose review is reasonably necessary for this action, provided that such representatives execute Exhibit A;

   b. Employees of outside counsel assigned to and necessary to assist in the litigation;

   c. Independent consultants and experts (testifying or consulting), provided that each such person executes Exhibit A and is not employed by, or currently consulting for, a direct competitor of the Producing Party absent written agreement or Court order;

   d. Jury or trial consultants, mock-jury personnel, litigation-support vendors, ESI vendors, demonstrative or audiovisual vendors, and other vendors assisting in the prosecution or defense of the matter, to the extent reasonably necessary for this action;

   e. The Court (including the mediator, or other person having access to any confidential information by virtue of his or her position with the Court);

   f. As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

   g. Court reporters, stenographers, and/or videographers engaged to transcribe any proceedings relating to the action.

11. Counsel for any Party may designate any document or information, in whole or in part, as HIGHLY CONFIDENTIAL—OUTSIDE AEO only if counsel determines, in good faith, that the material contains exceptionally sensitive information whose disclosure to a Party employee or representative would create a substantial risk of serious competitive, commercial, privacy, or personal harm that cannot reasonably be avoided by any less restrictive designation.

12. All documents designated HIGHLY CONFIDENTIAL—OUTSIDE AEO shall not be disclosed to any person except:

   a. The Receiving Party's outside counsel of record and their employees assigned to and reasonably necessary to assist in this litigation;

   b. Independent consultants and experts (testifying or consulting), provided that each such person executes Exhibit A and is not employed by, or currently consulting for, a direct competitor of the Producing Party absent written agreement or Court order;

   c. Jury or trial consultants, mock-jury personnel, litigation-support vendors, ESI vendors, demonstrative or audiovisual vendors, and other vendors assisting in the prosecution or defense of the matter, to the extent reasonably necessary for this action;

   d. The Court (including the mediator, or other person having access to any confidential information by virtue of his or her position with the Court);

   e. Court reporters, stenographers, and/or videographers engaged to transcribe any proceedings relating to the action.

13. Prior to disclosing or displaying Expedited Discovery Material designated under one of the confidentiality tiers to any Party representative, in-house counsel, consultant, expert, or other non-party permitted recipient who is required to execute Exhibit A, outside counsel must:

   a. Inform the person of the confidential nature of the information or documents;

   b. Inform the person that the Court has restricted the use of the information or documents to this litigation and has restricted disclosure of the information or documents to any other person except as permitted by this Order; and

   c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto as Exhibit A.

14. Before disclosing material designated HIGHLY CONFIDENTIAL—AEO or HIGHLY CONFIDENTIAL—OUTSIDE AEO to an independent consulting or testifying expert, the Receiving Party shall provide written notice identifying the proposed recipient,

current employer, and general field of expertise, together with a current curriculum vitae and an executed copy of the Exhibit A hereto. The Producing Party may object in writing within two (2) days, stating the grounds for objection with particularity. If the Parties cannot resolve the objection promptly, the objecting Party shall bear the burden of seeking Court relief, and no disclosure shall be made to the disputed recipient until the objection is resolved by agreement or Court order. This notice-and-objection procedure does not apply to litigation-support vendors, ESI vendors, jury or trial consultants, mock-jury personnel, or clerical or support personnel acting under the supervision of counsel.

15. Nothing herein shall limit a Party's ability to use designated Expedited Discovery Material to examine or cross-examine any deposition, hearing, or trial witness who is a current or former officer, director, employee, agent, attorney, consultant, expert, author, addressee, custodian, or authorized recipient of the Producing Party or who is designated to testify on behalf of the Producing Party under Federal Rule of Civil Procedure 30(b)(6), provided that the witness is not permitted to retain copies of designated Expedited Discovery Material except as otherwise allowed by this Order.

16. If designated Expedited Discovery Material is disclosed to any person other than as authorized by this Order, the Party responsible for the disclosure, and any Party with knowledge of the disclosure, shall promptly notify the Producing Party of the pertinent facts, use reasonable efforts to retrieve or secure the material, inform the unauthorized recipient of the terms of this Order, and request that the unauthorized recipient execute Exhibit A. Disclosure before receipt of a corrected designation shall not be deemed a violation of this Order if the disclosure was permitted under the designation then in effect.

17. The disclosure of a document or information without designating it under one of the confidentiality tiers shall not constitute a waiver of the right to designate such document or information as protected, provided that the Producing Party gives prompt written notice after discovering the omission and identifies the corrected designation. Upon receipt of such notice, the Receiving Party shall make reasonable efforts to treat the material in accordance with the corrected designation on a prospective basis, without prejudice to any right to challenge the designation.

18. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may redact PII.

19. For testimony given in any proceedings during the expedited discovery phase of the action, all transcripts will be automatically designated "HIGHLY CONFIDENTIAL—OUTSIDE AEO" from the day of the testimony until twenty-one (21) calendar days after the final original transcript becomes available for review. After the twenty-one (21) days have passed, only those portions of the transcript specifically designated under this Order shall remain protected, except upon stipulation by the Parties or Court order.

20. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of

Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

21. The Parties shall follow the Court's Individual Rules and procedures with respect to filing under seal. To the extent that a Receiving Party seeks to file on the public docket a document (or any portion of a document) marked "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—AEO," or "HIGHLY CONFIDENTIAL—OUTSIDE AEO," the Receiving Party must file that document under seal pursuant to the Court's Individual Rules and procedures and ensure that the document remains filed under seal unless and until the Court orders that that the document be unsealed.

22. If any person who has received designated Expedited Discovery Material  ceases to be engaged in this action, that person's access to the designated Expedited Discovery Material shall terminate, and the person shall return or destroy Protected Material in that person's possession, custody, or control within thirty (30) days of the termination of the engagement or as otherwise directed by counsel, subject to the archival and backup-system provisions of this Order.

23. At the conclusion of litigation or until the entry of a subsequent Protective Order setting different parameters, designated Expedited Discovery Material and any copies thereof shall be returned to the Producing Party or certified as destroyed within sixty (60) days after entry of final judgment no longer subject to further appeal, upon written request of the Producing Party. Outside counsel may retain pleadings, motion papers, transcripts, deposition and hearing exhibits, expert reports, attorney work product, correspondence,

and one archival copy of materials reasonably necessary to maintain a complete litigation file, provided that such retained materials remain subject to this Order. The Receiving Party need not delete materials from disaster-recovery or backup systems that are not reasonably accessible in the ordinary course, provided such materials are not used or accessed except as required by law or for disaster recovery.

24. Nothing herein shall preclude the Parties from disclosing material designated under one of the confidentiality tiers if otherwise required by law or pursuant to a valid subpoena, court order, or governmental request, provided that, to the extent legally permitted, the Receiving Party gives prompt written notice to the Designating Party and reasonably cooperates to allow the Designating Party to seek appropriate protection. The Receiving Party is not required to challenge or appeal any order requiring production, subject itself to penalties for noncompliance with legal process, or bear the expense of defending against disclosure of another Party's designated material.

25. Entering into, agreeing to, producing or receiving material under, or otherwise complying with this Order shall not operate as an admission or concession that any material reflects or does not reflect confidential, proprietary, trade secret, or otherwise protected information; prejudice any Party's right to object to discovery, authenticity, admissibility, or use of any material; prejudice any Party's right to seek production, additional protection, or modification of this Order; or waive any privilege, protection, objection, claim, or defense. This Order shall survive the termination of this action unless modified by Court order or written stipulation of the Parties.

**SO STIPULATED AND AGREED**

Dated:  June 29, 2026

MCLAUGHLIN & STERN, LLP

*Brett R. Gallaway*
Brett R. Gallaway, Esq.
Jeremy Freeman, Esq.
Hilary Quinn, Esq.
Mohamed T. Hegazi, Esq.
260 Madison Avenue
New York, New York 10016
(212) 448–1100
bgallaway@mclaughlinstern.com
jfreeman@mclaughlinstern.com
hquinn@mclaughlinstern.com
mhegazi@mclaughlinstern.com

HAYNES & BOONE, LLP

Tiffany M. Cooke, *pro hac vice admission pending*
Jamie Raju, *pro hac vice admission pending*
Rohit Raguram, *pro hac vice admission pending*
2801 North Harwood Street, Suite 2300
Dallas, TX 75201
(214)-651-5000
tiffany.cooke@haynesboone.com
jamie.raju@haynesboone.com
rohit.raguram@haynesboone.com

**Attorneys for Plaintiff**

DLA PIPER LLP (US)

*Brian Kaplan*
Brian Kaplan
Tamar Duvdevani
1251 Avenue of the Americas
27th Floor
New York, NY 10020-1104
Telephone: (212) 335-4799
brian.kaplan@us.dlapiper.com
tamar.duvdevani@us.dlapiper.com

**Attorneys for Defendants**

**SO ORDERED.**

Dated: June 30, 2026
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge:

This confidentiality agreement does not bind the Court or any of its personnel. The Court can modify this stipulation at any time.  The Court will retain jurisdiction over the terms and conditions of this agreement only for the pendency of this litigation.  Any party wishing to make redacted or sealed submissions shall comply with Rule 9 of this Court's Individual Rules of Civil Procedure.

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT

NASDAQ PRIVATE
MARKET, LLC,

                 Plaintiff,

      v.

THE HIIVE COMPANY
LIMITED et al.,        Defendant(s).

Case No.: 1:26-cv-05076 (KPF)

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter in the caption above have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - AEO," or "HIGHLY CONFIDENTIAL – OUTSIDE AEO" are confidential by Order of the Court and may be used only as permitted by that Order.

I hereby agree that I will not disclose any information contained in such documents to any other person except as permitted by the Stipulated Protective Order. I further agree not to use any such information for any purpose other than this litigation, to maintain such information securely, and to return or destroy such information at the conclusion of my involvement if requested by counsel. I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the limited purpose of enforcing that Stipulated Protective Order and this Affidavit by contempt proceedings or other appropriate judicial remedies.

_____(*Signature by Affiant*)

Dated: _____