

**Lisa A. Chiarini**
Direct Phone:  +1 609 514 5981
Email:  lchiarini@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

July 1, 2026

By ECF and E-mail (Failla_NYSDChambers@nysd.uscourts.gov)

Honorable Katherine Polk Failla
United States District Judge
U.S. District Court for the Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



**Re:**    ***Nasdaq Private Market, LLC v. The Hiive Company Limited et al.*, Case No. 1:26-cv-05076**

Dear Judge Failla:

Defendants submit this letter for the limited purpose of correcting new assertions and procedural requests Plaintiff raised, for the first time, in its July 1 letter. Defendants do not seek a general sur-reply to Plaintiff's opposition to Defendants' June 30 letter motion for expedited discovery, a mutual briefing schedule, and a brief adjournment of the preliminary injunction hearing. To assist the Court in evaluating Defendants' request to adjourn the July 20 preliminary injunction hearing, Defendants also confirm that they are available on the August 25 date proposed by Plaintiff.

## I.    Plaintiff's Request for an Unreasonably Compressed Discovery Response Deadline

Plaintiff asks the Court to compel Defendants to respond to Plaintiff's first set of requests for production by July 3, 2026, and to impose a five-business-day response deadline for all future expedited discovery. That request rests on a materially incomplete account of the parties' discussions and would impose an unfairly compressed, one-sided schedule. Plaintiff did not attempt to establish a schedule with Defendants or with the Court before unilaterally imposing a five-business-day response deadline on Defendants. Plaintiff's demand is especially unreasonable given that Defendants have been required to meet their production obligations under the TRO while also addressing Plaintiff's voluminous discovery, which includes 60 Requests for Production and 15 Interrogatories. Nothing in the Court's order requires Defendants to respond to that discovery on Plaintiff's self-selected timetable.  Nor is it true that Defendants have refused to respond unless Plaintiff agrees to Defendants' reciprocal expedited discovery. Defendants have sought to negotiate a reasonable deadline while continuing to comply with their existing obligations; Plaintiff's suggestion that Defendants are using discovery as a bargaining chip is wrong.

Defendants, therefore, oppose the July 3 deadline. July 3, 2026 is the federal holiday observed for Independence Day, and July 1 is a national holiday in Canada, where many of the Defendants' employees overseeing document collection and review are located. Those practical realities, combined with the breadth of Plaintiff's discovery demands, make a July 3 deadline untenable. July 9 provides a fair, prompt, and workable deadline.

**ABU DHABI ♦ ASTANA ♦ ATHENS ♦ ATLANTA ♦ AUSTIN ♦ BOSTON ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DENVER ♦ DUBAI ♦ FRANKFURT
HONG KONG ♦ HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ RIYADH ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON**

July 1, 2026
Page 2



## II.    Plaintiff's Improper Request to Expand the TRO Against Ms. Ghafari

Plaintiff's July 1 letter also raises, for the first time, a new allegation that Ms. Ghafari's June 29 document production included a handwritten diary that allegedly contains NPM confidential information. On that basis, Plaintiff asks that, if the Court continues the July 20 hearing, NPM be permitted to "submit an amended TRO restraining Ms. Ghafari." (Dkt. 23 at 3.) That request seeks materially expanded emergency relief that was not before the Court when it entered the current TRO, was not presented by noticed motion, and was injected for the first time into an opposition to a scheduling and discovery request. Defendants had no meaningful opportunity to address it, and could not reasonably have anticipated that Plaintiff would use a scheduling dispute to seek new coercive relief against an additional individual.

The Court should not entertain Plaintiff's request in this posture. Plaintiff has submitted no noticed motion, no proposed order, no supporting declarations, and no legal authority for expanding the TRO to restrain Ms. Ghafari. Emergency injunctive relief against a new individual requires a proper application and a fair opportunity to be heard—not a single paragraph embedded in a response letter on scheduling and discovery. The procedural defect alone warrants denying or disregarding the request.

Plaintiff's new allegation also provides no basis to deny Defendants' requested adjournment or limited reciprocal expedited discovery. Plaintiff identifies no current use or dissemination of any information by Ms. Ghafari, and no violation of the existing TRO. The document Plaintiff cites surfaced through the very discovery and compliance process Defendants have been undertaking since the TRO issued. That fact supports orderly discovery and a fair hearing schedule; it does not justify expanding emergency relief without notice or depriving Defendants of reciprocal discovery needed to prepare for the preliminary injunction hearing.

If Plaintiff believes it can meet the demanding standard for materially expanded emergency relief against Ms. Ghafari, the proper course is a noticed motion on a fair schedule.  That procedure would allow Plaintiff to present competent evidence and legal authority, and would allow Defendants a meaningful opportunity to respond. Plaintiff's attempt to raise the issue in passing only reinforces the need for the brief adjournment and reciprocal expedited discovery Defendants have requested.

For these reasons, Defendants respectfully request that the Court disregard Plaintiff's procedurally improper request for expanded TRO relief.  In the alternative, the Court should require Plaintiff to present any such request by proper noticed motion, supported by competent evidence and legal authority, with a meaningful opportunity for Defendants to respond.

Very truly yours,

Lisa A. Chiarini

The Court has reviewed Defendants' letter requesting various relief in advance of the July 20, 2026 Preliminary Injunction Hearing (Dkt. #21), Plaintiff's response, which also includes various requests for relief (Dkt. #23), and Defendants' above reply (Dkt. #29).  Normally, reply letters are not permitted under Rule 2(C) of the Court's Individual Rules of Practice in Civil Cases.  But here, Defendants' reply is appropriate given the new relief that Plaintiff raised in its response.

Defendants' letter requests (i) expedited, limited fact discovery, (ii) expedited briefing in advance of the Preliminary Injunction Hearing, and (iii) an adjournment of the Preliminary Injunction Hearing.  (Dkt. #21).  Plaintiff's letter requests an order compelling Defendants to respond to outstanding discovery requests on or before July 3, 2026.  (Dkt. #23).  The rest of Plaintiff's requests are, in substance, responses to Defendants' requests.  Specifically, Plaintiff seeks a protective order against Defendants' discovery requests.  (*Id.*).  And while it does not oppose Defendants' request for supplemental briefing in advance of the Preliminary Injunction Hearing, it opposes Defendants' request to adjourn that hearing.  (*Id.*).

On the issue of discovery, Plaintiff is right that the TRO does not contemplate discovery for Defendants.  (Dkt. #16).  But the Court also recognizes that mutual discovery is reasonable and helpful in advance of the Preliminary Injunction Hearing.  Accordingly, Defendants' request for limited discovery is GRANTED, and Plaintiff's request for a protective order is DENIED.  In light of this, the Court also GRANTS Plaintiff's request to compel Defendants to respond to Plaintiff's outstanding discovery requests.

Regarding the Preliminary Injunction Hearing date, the Court notes that the TRO remains in place, and it is Defendants, the adverse party, who seek an adjournment and an extension of the TRO.  *See* Fed. R. Civ. P. 65(b)(2) (allowing the extension if the "*adverse party* consents to a longer extension" of a TRO (emphasis added)).  Plaintiff's only opposition appears to be the fact that the TRO does not restrain Ms. Ghafari, an issue which is better suited for separate request for emergency relief.  (Dkt. #23).  Accordingly, Defendants' request to adjourn the Preliminary Injunction Hearing date and extend the TRO is GRANTED.  The Preliminary Injunction Hearing currently scheduled for July 20, 2026, is hereby ADJOURNED to **August 25, 2026,** at **3:00 p.m.** in Courtroom 618 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York.  The TRO shall remain in effect until the new hearing date.  Plaintiff may move at any time for the entry of an amended TRO that restrains Ms. Ghafari.  If they do so, Defendants shall have three business days to respond.

Finally, given the new hearing date, the Court will adopt a slightly more protracted schedule for discovery and briefing.  Initial discovery production shall be due on **July 9, 2026.**  Subsequent discovery responses shall be due within five business days of the request.  Plaintiff shall file its motion for a Preliminary Injunction on or before **July 17, 2026.**  Defendants shall file their consolidated opposition on or before **July 31, 2026.**  Plaintiff shall file its reply on or before **August 7, 2026.**

The Clerk of Court is directed to terminate the pending motion at docket entry 21.

SO ORDERED.

Dated:     July 2, 2026
           New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE