HAYNES BOONE

July 23, 2026

Direct Phone Number
+1 720-484-3719
tiffany.cooke@haynesboone.com

***Via ECF***
Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

MEMO ENDORSED

**Re: *Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.***
**Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

We write on behalf of Plaintiff Nasdaq Private Market, LLC ("NPM" or "Plaintiff") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases (the "Individual Rules"), NPM respectfully seeks leave to file Exhibits 1-3 submitted in support of its Motion to Compel fully under seal. Exhibits 1-3 contain:

- information that Defendants[1] have designated as confidential under the Protective Order (Dkt. 20); and

- information that NPM has designated as highly confidential information, including information that has been designated as such under the Protective Order.

**Legal Argument**

**Applicable Legal Standard**

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has

[1] As used herein, (i) the term "Hiive" refers collectively to defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., and Hiive Investments Inc.; (ii) the term "Belzer" refers to defendant Conor Belzer; (iii) the term "Ghafari" refers to defendant Parina Ghafari; and (iv) the term "Defendants" refers, collectively, to defendants Hiive, Belzer and Ghafari.

recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information—including proprietary business information, trade secrets, and customer-identifying information—where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting narrowly tailored sealing requests to protect confidential business information and trade secrets); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705-08 (S.D.N.Y. 2017) (permitting redaction of client identities and other confidential commercial information where disclosure would harm the company's competitive standing).

**Defendants' Information Designated Confidential**

Exhibits 1-3 contain documents that Defendants have designated as "CONFIDENTIAL" pursuant to the Protective Order:

- Conor Belzer's Responses and Objections to Plaintiff's First Set of Requests for Production (Exhibit 1);

- Parina Ghafari Responses and Objections to Plaintiff's First Set of Requests for Production (Exhibit 2); and

- Hiive's Responses and Objections to Plaintiff's First Set of Requests for Production (Exhibit 3).

NPM seeks leave to file Exhibits 1-3 under seal to avoid a potential violation of the Protective Order. The requested sealing is narrowly tailored to information that Defendants designated as confidential.

**NPM'S Information Designated Highly-Confidential – Outside Attorneys' Eyes Only**

Exhibits 1-3 additionally contain information from:

- Plaintiff's First Set of Requests for Production to Defendant Conor Belzer (Exhibit 1);

- Plaintiff's First Set of Requests for Production to Defendant Parina Ghafari (Exhibit 2); and

- Plaintiff's First Set of Requests for Production to Hiive (Exhibit 3).

NPM has designated these documents as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" pursuant to the Protective Order. These documents contain client information and proprietary trade secret and confidential information— precisely the type of information that courts in this district consistently seal.

Recognizing the importance of protecting highly sensitive business information relating to a party's clients, courts in this District have repeatedly permitted customer-identifying information to be filed under seal or with narrowly tailored redactions. *See Oliver Wyman*, 282 F. Supp. 3d at 705-08 (permitting redaction of client identities where disclosure would harm the company's competitive standing); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (permitting customer-identifying information to remain under seal). One of NPM's central claims is that Defendants have actively purported to steal NPM's clients by misappropriating confidential, proprietary, and trade secret information that Belzer and Ghafari took prior to their departure from NPM. As a result, NPM's Motion to Compel Exhibits 1-3 include information reflecting NPM's client list as well as information in NPM's possession related to those clients. Such information is highly confidential and if provided to the public, would harm NPM. NPM respectfully submits that sealing information reflecting the names of its clients and confidential information related to those clients is appropriate.

NPM also seeks to seal NPM confidential, proprietary, and trade secret information pertaining to its business and operations. Rule 9(A) of the Court's Individual Rules contemplates the need to protect such "proprietary or trade secret information," which may be redacted from the public record without prior court approval.

Accordingly, NPM seeks leave to file Exhibits 1-3 to its Motion to Compel "Fully Under Seal" and respectfully requests that the Court grant this Letter Motion to Seal.

HAYNES BOONE

Respectfully submitted,

*/s/ Tiffany M. Cooke*
Tiffany M. Cooke
Partner

Application GRANTED. The Court grants Plaintiff leave to file under seal Exhibits 1 through 3 in support of Plaintiff's Motion to Compel.

The Clerk of Court is directed to terminate the pending motion at docket entry 110.

Dated: July 24, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE