HAYNES BOONE

July 27, 2026

Direct Phone Number +1 720-484-3719
tiffany.cooke@haynesboone.com

***Via ECF***

Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
Courtroom 618
40 Foley Square
New York, NY 10007

MEMO ENDORSED

**Re:** ***Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.***
**Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

We, along with McLaughlin & Stern, LLP, write on behalf of Plaintiff Nasdaq Private Market, LLC ("NPM" or "Plaintiff") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases (the "Individual Rules"), NPM respectfully seeks leave to file, in connection with its Reply in Support of its Motion for a Supplemental Temporary Restraining Order against Defendant Parina Ghafari ("Reply"), certain documents identified in Exhibit A as fully under seal and certain documents identified in Exhibit A with redactions of the confidential information identified herein. The documents that NPM seeks to seal contain:

(1) information that Defendants[1] have designated as at least confidential under the Protective Order (Dkt. 20) (this information has been highlighted blue (Example Text)); and

[1] As used herein, (i) the term "Hiive" refers collectively to defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., and Hiive Investments Inc.; (ii) the term "Belzer" refers to defendant Conor Belzer; (iii) the term "Ghafari" refers to defendant Parina Ghafari; and (iv) the term "Defendants" refers, individually and collectively, to defendants Hiive, Belzer and Ghafari.

(2) NPM's highly confidential information, including information that has been designated as such under the Protective Order (this information has been highlighted yellow (Example Text)).

**Legal Argument**

**Applicable Legal Standard**

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB,* 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information—including proprietary business information, trade secrets, and customer-identifying information—where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-4 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting narrowly tailored sealing requests to protect confidential business information and trade secrets); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705-08 (S.D.N.Y. 2017) (permitting redaction of client identities and other confidential commercial information where disclosure would harm the company's competitive standing).

**Defendants' Designated Confidential Information**

Defendants have designated certain information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" under the Protective Order. Defendants have declined to de-designate the information they have been designating as such and, instead, have requested that NPM file any documents reflecting such information under seal pending further discussions and, if necessary, resolution by the Court.

NPM respectfully submits that this limited request is appropriate under the circumstances. Although NPM does not concede that the information warrants continued confidential treatment, it seeks leave to file the documents under seal solely to avoid a potential violation of the Protective Order while preserving its position that the information should not ultimately remain under seal. The requested sealing is narrowly tailored to include information that Defendants continue to designate as confidential.

Accordingly, to comply with the Protective Order while preserving its position regarding the confidentiality of the information at issue, NPM seeks leave to file the documents identified as "Fully Under Seal" in Exhibit A under seal and to file public redacted versions of the documents identified as "Redacted," with unredacted versions submitted under seal.

**NPM's Employee Personal Identifying Information and Highly Confidential Investor and Client Information**

NPM has narrowly tailored its request to seal the Reply in Support of its Motion for a Supplemental Temporary Restraining Order to protect NPM's employee personal identifying information and highly confidential investor and client information—information that courts in this district consistently seal. *See Oliver Wyman*, 282 F. Supp. 3d at 705-08 (permitting redaction of client identities where disclosure would harm the company's competitive standing); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (permitting customer-identifying information to remain under seal). . Such information is highly confidential and if provided to the public, would harm NPM. NPM respectfully submits that filing under seal information reflecting the names of its clients and employees is appropriate.

Accordingly, NPM seeks leave to file the documents identified as "Fully Under Seal" in Exhibit A under seal and to file public redacted versions of the documents identified as "Redacted," with unredacted versions submitted under seal.

**Conclusion**

For the foregoing reasons, NPM respectfully requests that the Court grant this Letter Motion to Seal.

Respectfully submitted,

*/s/ Tiffany M. Cooke*
Tiffany M. Cooke
Partner

HAYNES BOONE

**Exhibit A – Exhibits Filed Under Seal**

| Document | Fully Under Seal / Redacted | Sealing Plaintiff / Defendant Information |
| --- | --- | --- |
| NPM's Reply in Support of its Motion for Supplemental Temporary Restraining Order Against Parina Ghafari | Redacted | Plaintiff and Defendant Information |
| Exhibit A to the Declaration of Kyle Pearlman | Redacted | Plaintiff Information |
| Declaration of Brett Gallaway | Redacted | Plaintiff and Defendant Information |
| Exhibit 2 to Declaration of Brett Gallaway | Fully Under Seal | Defendant Information |

Application GRANTED. The Court grants Plaintiff leave to file under seal certain documents filed in support of Plaintiff's Reply in Support of its Motion for a Supplemental Temporary Restraining Order against Defendant Parina Ghafari.

The Clerk of Court is directed to terminate the pending motion at docket entry 118.

Dated: July 28, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE