ReedSmith

**Lisa A. Chiarini**
Direct Phone: +1 609 514 5981
Email: lchiarini@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

July 31, 2026

Via ECF and Email (Failla_NYSDChambers@nysd.uscourts.gov)

Honorable Katherine Polk Failla
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

***Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.* Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

Defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., and Hiive Investments Inc. (collectively, "Hiive"), Conor Belzer ("Belzer") and Parina Ghafari ("Ghafari") (collectively, "Defendants") respectfully submits this letter motion, pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, seeking to seal certain exhibits submitted in connection with Defendants Opposition to Plaintiff's Motion for a Preliminary Injunction. Specifically, Defendant requests to seal the following documents:

- Exhibits 1–4 and 6–7 to Declaration of Francisca Anderson: these exhibits depict Hiive emails between Ms. Anderson and a Hiive customer. They contain information sensitive to Hiive and have been designated either OAEO or Confidential under the protective order.

- Exhibit 1 and 2 to the declaration of Conor Belzer: these exhibits are logs of communications between Mr. Belzer and various other individuals. They contain cell phone numbers and have been designated Confidential, AEO, or OAEO under the protective order.

- Exhibit 3 to the Declaration of Conor Belzer: this exhibit is a copy of an email from Ms. Belzer to Hiive attaching his employment agreement with NPM, as produced by Hiive in this litigation. It has been designated Confidential under the protective order.

- Exhibit 4 to the Declaration of Conor Belzer: this exhibit is a copy of Ms. Belzer's employment agreement with Hiive as produced by Hiive in this litigation. It has been designated Confidential under the protective order.

- Exhibit 5 to the Declaration of Conor Belzer: this exhibit is a copy of the cease and desist letter Mr. Belzer received from Brett R. Gallaway, representative of NPM, produced by Mr. Belzer in this litigation. It has been designated Confidential under the protective order.

- Exhibit 6 to the declaration of Conor Belzer: this exhibit depicts emails between Mr. Belzer, other Hiive employees, and a Hiive customer. It contains information sensitive to Mr. Belzer and Hiive and has been designated Confidential under the protective order.

- Exhibit 1 to the Declaration of Parina Ghafari: this exhibit is a copy of Ms. Ghafari's employment agreement with NPM, produced by Mr. Ghafari in this litigation. It contains information sensitive to both Ms. Ghafari and NPM and has been designated Confidential under the protective order. The same information was designated AEO by NPM in its production.

- Exhibits 2-3, 5, 7-9, and 12 to the Declaration of Parina Ghafari: each of these exhibits is a log of SMS message between Ms. Ghafari and various other individuals. Each contains cell phone numbers and corresponding contact names for the individuals involved and has been designated under the protective order.

- Exhibit 4 to the Declaration of Parina Ghafari: this exhibit is an email discussion between Ms. Ghafari and multiple Hiive personnel concerning compensation terms of Ms. Ghafari's employment at Hiive. It contains sensitive business information of both Hiive and Ms. Ghafari. It has been designated Confidential under the protective order.

- Exhibit 6 to the Declaration of Parina Ghafari: this exhibit is a copy of an email chain with NPM IT regarding return of devices. It contains Ms. Ghafari's home address and personal phone number. It was designated Confidential by NPM pursuant to the protective order.

- Exhibit 11 to the Declaration of Parina Ghafari: this exhibit is a copy of Ms. Ghafari's employment agreement with Hiive, produced by Mr. Ghafari in this litigation. It contains information sensitive to both Ms. Ghafari and Hiive and has been designated AEO under the protective order.

- Exhibits 1-5, 11-12 and 14-15 to the declaration of Prab Rattan: each of these exhibits depicts emails between Mr. Rattan and various individuals. They contain information sensitive to and Hiive and the individuals and have been designated either Confidential, AEO, or OAEO under the protective order.

- Exhibits 6-8 to the declaration of Prab Rattan: each of these exhibits are copies of other Ms. Ghafari's or Mr. Belzer's employment agreements with Hiive, as produced in this litigation by Hiive, in the case of Exhibits 6 and 7, and by Mr. Belzer, in the case of Exhibit 8. They contain information sensitive to Ms. Ghafari, Mr. Belzer, and Hiive and have been designated AEO or OAEO under the protective order.

- Exhibit 9 to the declaration of Prab Rattan: this exhibit is a copy of the cease and desist letter Mr. Belzer received from Brett R. Gallaway, representative of NPM, produced by Mr. Belzer in this litigation. It has been designated Confidential under the protective order.

- Exhibits 10, 13, and 16-17 to the declaration of Prab Rattan: each of these exhibits are log of communications between Mr. Rattan and various other individuals. Each contains cell phone numbers and corresponding contact names for the individuals involved and has been designated Confidential or OAEO under the protective order.

- Exhibits 1-5, 7-9, 11, 13, 21, and 23-26 to the declaration of Felicia Wijenberg: each of these exhibits reflects recruiting efforts via LinkedIn messages between Ms. Wijenberg and prospective employees. They contain information sensitive to Ms. Wijenberg and Hiive and have been designated AEO under the protective order.

- Exhibits 12, 15, 17, and 19 to the declaration of Felicia Wijenberg: each of these exhibits reflects recruiting efforts via email messages between Ms. Wijenberg and prospective employees. They contain information sensitive to Ms. Wijenberg and Hiive and have been designated AEO under the protective order.

- Exhibit 27 to the declaration of Felicia Wijenberg: this exhibit is a log of SMS message between Ms. Wijenberg and various other individuals. It contains cell phone numbers and corresponding contact names for the individuals involved and has been designated OAEO under the protective order.

Defendants also seek leave to seal portions of Defendants' Memorandum of Law in Opposition, as well as portions of the body of the declarations of Prab Rattan, Frankie Anderson, Conor Belzer, Parina Ghafari, Felicia Wijenberg, Adam Sorini, and Richard Corvnius. The redactions apply only to portions that summarize or quote information designated by NPM or Hiive pursuant to the Protective Order and portions that reflect information consistent with NPM's redactions to its opening and reply Supplemental TRO papers and its Complaints filed in this action.[1]

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information).

As described above, Defendant's sealing requests are narrowly tailored to seal only proprietary business information (including compensation details and private business communications), personally identifiable information (including personal cell phone numbers and home addresses), or information that Defendant is prohibited under the Protective Order from disclosing publicly.

For the foregoing reasons, Defendant respectfully requests that the Court grant this request to file the above-referenced exhibits under seal.

Regards,

Lisa A Chiarini

[1] Defendants' redaction of NPM information is not an admission that any redacted information is confidential, proprietary, or a trade secret.

ReedSmith

Lisa A. Chiarini
REED SMITH LLP

Counsel for Defendants

Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 127, and to maintain under seal the relevant documents at docket entries 128 through 135.

Dated: August 3, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE