HAYNES BOONE

Direct Phone Number +1 720-484-3719
tiffany.cooke@haynesboone.com

August 14, 2026

***Via ECF***

Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
Courtroom 618
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**Re:** ***Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.***
**Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

We write on behalf of Plaintiff Nasdaq Private Market, LLC ("NPM" or "Plaintiff") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases (the "Individual Rules"), NPM respectfully seeks leave to file certain documents submitted in support of its Reply in Support of Its Motion for Preliminary Injunction (the "Reply") fully under seal and to file redacted versions of its Reply and certain supporting documents, with unredacted versions to be filed under seal. NPM identifies the documents for which sealing is requested in Exhibit A, appended hereto. Exhibit A indicates whether each document is proposed to be filed either fully under seal or in redacted form (with the unredacted form fully under seal).

The documents that NPM seeks to seal contain:

(1) information that Defendants[1] have designated as at least confidential under the Protective Order (Dkt. 20) and have declined to de-designate (this information has been highlighted in blue);
(2) NPM's confidential information, including information that has been designated as such under the Protective Order (this information has been highlighted in yellow); and
(3) excerpt(s) from the sealed transcript of the July 30, 2026 hearing on NPM's motion for a supplemental temporary restraining order, which contain both NPM's confidential information and information that Defendants have designated as confidential (Exhibit 30 to Second Gallaway Decl.).

---

[1] As used herein, (i) the term "Hiive" refers collectively to defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., and Hiive Investments Inc.; (ii) the term "Belzer" refers to defendant Conor Belzer; (iii) the term "Ghafari" refers to defendant Parina Ghafari; and (iv) the term "Defendants" refers, collectively, to defendants Hiive, Belzer and Ghafari.

## **Legal Argument**

**Applicable Legal Standard**

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information—including proprietary business information, trade secrets, and customer-identifying information—where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting narrowly tailored sealing requests to protect confidential business information and trade secrets); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705-08 (S.D.N.Y. 2017) (permitting redaction of client identities and other confidential commercial information where disclosure would harm the company's competitive standing).

**Defendants' Designated Confidential Information**

Defendants have designated certain documents that NPM cites in its Reply as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—AEO," or "HIGHLYCONFIDENTIAL—OUTSIDE AEO" under the Protective Order. NPM does not agree that all of these designations are proper. Regardless, Defendants have not agreed to de-designate any of the information subject to this motion and have instead requested that NPM file any such documents under seal.

NPM respectfully submits that this limited request is appropriate under the circumstances. Although NPM does not concede that all of the information designated by Defendants warrants continued confidential treatment, it seeks leave to file limited portions of its Reply under seal solely to avoid a potential violation of the Protective Order while preserving its position that not all of the information designated by Defendants and cited in NPM's Reply should remain under seal. The requested sealing is narrowly tailored to only those allegations incorporating information that Defendants have designated as confidential.

To comply with the Protective Order, NPM seeks leave to file the documents identified as "Fully Under Seal" in Exhibit A under seal and to file public redacted versions of the documents identified as "Redacted" in Exhibit A, with unredacted versions submitted under seal.

**NPM's Employee Personal Identifying Information, Client Information, and Proprietary Trade Secret and Confidential Information**

NPM has narrowly tailored its request to seal the Memorandum in Support of its Motion for Preliminary Injunction to protect NPM employee personal identifying information, NPM client information, and NPM proprietary trade secret and confidential information—all types of information that courts in this district consistently seal.

First, NPM seeks to seal NPM employee personal identifying information, including social security numbers and home addresses, which may be redacted from public court filings without seeking prior permission from the Court pursuant to Rule 9(a) of the Court's Individual Rules.

NPM also seeks to seal information identifying its clients and revealing confidential information regarding its clients. Recognizing the importance of protecting highly sensitive business information relating to a party's clients, courts in this District have repeatedly permitted customer-identifying information to be filed under seal or with narrowly tailored redactions. *See Oliver Wyman*, 282 F. Supp. 3d at 705-08 (permitting redaction of client identities where disclosure would harm the company's competitive standing); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (permitting customer-identifying information to remain under seal). One of NPM's central claims is that Defendants have actively purported to steal NPM's clients by misappropriating proprietary/trade secret information that Belzer and Ghafari took prior to their departure from NPM. As a result, NPM's Reply and the supporting documents include information reflecting NPM's client list as well as information in NPM's possession related to those clients. Such information is highly confidential and if provided to the public, would harm NPM. NPM respectfully submits that redacting information reflecting the names of its clients and information related to those clients is appropriate.

Finally, NPM seeks to seal NPM proprietary trade secret and confidential information pertaining to its business and operations. Rule 9(A) of the Court's Individual Rules contemplates the need to protect such "proprietary or trade secret information," which may be redacted from the public record without prior court approval.

Accordingly, NPM seeks leave to file the documents identified as "Fully Under Seal" in Exhibit A under seal and to file public redacted versions of the documents identified as "Redacted," with unredacted versions submitted under seal.

## Conclusion

For the foregoing reasons, NPM respectfully requests that the Court grant this Letter Motion to Seal.

Respectfully submitted,

*/s/ Tiffany M. Cooke*
Tiffany M. Cooke
Partner

HAYNES BOONE

**<u>Exhibit A – Exhibits Filed Under Seal</u>**

| Document | Fully Under Seal / Redacted | Sealing Plaintiff / Defendant Information |
|---|---|---|
| NPM's Reply in Support of its Motion for Preliminary Injunction | Redacted | Plaintiff and Defendant Information |
| Second Declaration of Brett Galloway | Redacted | Plaintiff and Defendant Information |
| Exhibit 26 to Second Declaration of Brett Gallaway | Fully Under Seal | Defendant Information |
| Exhibit 27 to Second Declaration of Brett Gallaway | Fully Under Seal | Defendant Information |
| Exhibit 28 to Second Declaration of Brett Gallaway | Fully Under Seal | Defendant Information |
| Exhibit 29 to Second Declaration of Brett Gallaway | Fully Under Seal | Defendant Information |
| Exhibit 30 to Second Declaration of Brett Gallaway | Fully Under Seal | Plaintiff and Defendant Information |
| Fourth Declaration of Andrew Kroculick (dated August 14, 2026) | Redacted | Plaintiff and Defendant Information |
| Fourth Declaration of Daniel Garrie (dated August 13, 2026) | Redacted | Plaintiff Information |

Application GRANTED.

The Clerk of Court is directed to terminate the pending motion at docket entry 150, and to maintain under seal the relevant documents at docket entries 151 through 154.

Dated: August 17, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE