ReedSmith
Lisa A. Chiarini
Direct Phone: +1 609 514 5981
Email: lchiarini@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

September 24, 2026

Via ECF and Email (Failla_NYSDChambers@nysd.uscourts.gov)

Honorable Katherine Polk Failla
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

MEMO ENDORSED

***Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.* Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

Defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., Hiive Investments Inc., Conor Belzer, and Parina Ghafari (collectively, "Defendants") respectfully submit this letter motion, pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, seeking to seal the exhibit submitted in connection with Defendants' Letter regarding Mr. Richard Corvinus' Supplemental Declaration.

Defendants seek leave to seal portions of Exhibit A, the Supplemental Declaration of Richard Corvinus in support of Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction. The redactions apply only to portions that summarize or quote information designated by NPM or Hiive pursuant to the Protective Order and portions that reflect information consistent with NPM's redactions to its filings in this action.[1]

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information).

As described above, Defendants' sealing requests are narrowly tailored to seal only information that

[1] Defendants' redaction of NPM information is not an admission that any redacted information is confidential, proprietary, or a trade secret.

ReedSmith

Defendants are prohibited from disclosing publicly under the Protective Order.

For the foregoing reasons, Defendants respectfully request that the Court grant this request to file the above-referenced exhibit under seal.

Regards,

Lisa A Chiarini

Lisa A. Chiarini
REED SMITH LLP

Counsel for Defendants

The Court has reviewed with care Defendants' surprisingly laconic explanation for how they failed to produce in a timely manner five additional files present on Mr. Conor Belzer's device (Dkt. #201), and Plaintiff's response (not currently docketed due to a SDNY-ECF system outage).

On the immediate issue of supplemental submissions, the Court GRANTS Plaintiff's request for leave to supplement the declarations of Andrew Kroculick and Daniel Garrie on or before **September 28, 2026.** Beyond these supplemental submissions, the Court does not intend for either party to file any further briefing before the preliminary injunction hearing.

Consistent with this extension, the parties shall send to Chambers' email on or before **September 28, 2026:** (i) a list of witnesses (including a brief description and the expected length of their testimony) that each side intends to call; and (ii) a list of all exhibits (including a brief description of their contents), as well as the underlying exhibits each side intends to introduce. To the extent that the parties have already sent their witness and exhibits list, they may send one additional correspondence amending these lists on or before **September 28, 2026.**

On the application for attorney's fees and costs, the Court recognizes that Defendants have not yet had an opportunity to respond to whether Plaintiff is entitled to recover its fees and costs associated with responding to Defendants’ late disclosure. Plaintiff may renew its application during the preliminary injunction hearing on **October 1, 2026**, bearing in mind that the Court will not go beyond the day allotted for this hearing.

On Defendants' sealing applications, Defendants' request to file under seal (i) certain exhibits submitted in connection to their opposition to Plaintiff's supplemental motion for a preliminary injunction (Dkt. #194); and (ii) Exhibit A to their September 24, 2026 letter motion (Dkt. #201) is GRANTED. The Clerk of Court is directed to maintain under seal docket entries 195 to 197, and the forthcoming docket entry containing Exhibit A.

Further, the Clerk of Court is directed to terminate the pending motion at docket entries 194 and 202.

Dated: September 24, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE