HAYNES BOONE

**Tiffany Cooke**
Direct Tel: 720-484-3719
Fax: 303.382.6210
*tiffany.cooke@haynesboone.com*

September 24, 2026

**Via ECF**
Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**RE:** ***Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.***
**Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

We write on behalf of Plaintiff Nasdaq Private Market, LLC ("NPM" or "Plaintiff") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases (the "Individual Rules"), NPM respectfully seeks leave to file a redacted version of its Letter Motion for Relief Regarding Defendants' Untimely Production of Expert Testimony and NPM Confidential Information (the "Letter Motion"), with an unredacted version to be filed under seal. The Letter Motion contains information that the Parties[1] have designated as confidential under the Protective Order (Dkt. 20) (this information has been highlighted in blue).

**Legal Argument**

**Applicable Legal Standard**

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information—including proprietary business information, trade secrets, and customer-identifying information—where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting narrowly tailored

[1] As used herein, the term "Parties" refers collectively to (i) plaintiff NPM; (ii) "Hiive," which refers collectively to defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., and Hiive Investments Inc.; (iii) "Belzer," which refers to defendant Conor Belzer; and (iv) "Ghafari," which refers to defendant Parina Ghafari.

sealing requests to protect confidential business information and trade secrets); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705-08 (S.D.N.Y. 2017) (permitting redaction of client identities and other confidential commercial information where disclosure would harm the company's competitive standing).

**Designated Confidential July 30, 2026 Hearing Transcript**

The parties have designated the full transcript of the July 30, 2026 hearing as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL—AEO," or "HIGHLY CONFIDENTIAL—OUTSIDE AEO" under the Protective Order (Dkt. 20). NPM cites the transcript in its Letter Motion. NPM does not believe that the specific portions it cites from the July 30, 2026 hearing transcript are confidential or warrant continued confidential treatment, and NPM expressly reserves its right to challenge those designations. However, out of an abundance of caution and solely to comply with its obligations under the protective order, NPM does not seek to file those portions publicly at this time.

Accordingly, NPM seeks leave to file a public version of the Letter Motion with redactions narrowly tailored to the designated materials, together with an unredacted version of the Letter Motion under seal.

**Conclusion**

For the foregoing reasons, NPM respectfully requests that the Court grant this Letter Motion to Seal.

Respectfully submitted,

*/s/ Tiffany M. Cooke*
Tiffany M. Cooke
Partner

Application GRANTED. The Clerk of Court is directed to maintain under seal docket entries 204 and 206, viewable only to the parties and the Court. Further, the Clerk of Court is directed to terminate the pending motion at docket entry 203.

Plaintiff's letter motion for discovery was resolved in the Court's previous Order filed on September 24, 2026. (*See* Dkt. #208). Accordingly, the Clerk of Court is directed to terminate the pending motions at docket entries 204-205.

Dated: September 25, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE