UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASDAQ PRIVATE MARKET, LLC,

Plaintiff,

-v.-

THE HIIVE COMPANY LIMITED, HIIVE MARKETS LIMITED, THE HIIVE COMPANY (US) INC., HIIVE ADVISORS INC., HIIVE INVESTMENTS INC, CONOR BELZER, and PARINA GHAFARI

Defendants.

26 Civ. 5076 (KPF)

**PRELIMINARY INJUNCTION ORDER**

KATHERINE POLK FAILLA, District Judge:

Upon consideration of Plaintiff Nasdaq Private Market, LLC's ("NPM") First Amended Complaint (Dkt. #114); Plaintiff's Motion for a Preliminary Injunction (Dkt. #67, 77), and the related declarations and exhibits; Defendants' opposition thereto (Dkt. #128), and the related declarations and exhibits; Plaintiff's reply (Dkt. #151), and the related declarations and exhibits; Plaintiff's Supplementary Motion for a Preliminary Injunction (Dkt. #178), and the related declarations and exhibits; Defendants' opposition thereto (Dkt. #195), and the related declarations and exhibits; and the testimony and evidence adduced at the hearing on October 1, 2026, and October 6, 2026; the Court finds good cause and ORDERS as follows:

1. **Restrictive Covenant Enforcement.** Defendant Conor Belzer ("Belzer") is restrained and enjoined, for a period of twelve (12) months following May 19, 2026, from directly or indirectly providing services to, working for, consulting with, advising, assisting, or otherwise participating in

the business of The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., Hiive Investments Inc. (collectively "Hiive"), or any affiliated entity, nationwide and internationally, in violation of the restrictive covenant provisions of the Restrictive Covenant Agreement ("RCA").

2. **Non-Solicitation of Customers.** Defendant Belzer is restrained and enjoined, for a period of twelve (12) months following May 19, 2026, from directly or indirectly soliciting, recruiting, inducing, encouraging, assisting in the solicitation or recruitment of, or otherwise interfering with Plaintiff's relationship with any customer, client, prospective customer, or business relationship protected by the Continuing Obligations Agreement ("COA"), the RCA, or any other agreement with Plaintiff.

3. **Non-Solicitation of Employees.** Defendant Belzer is restrained and enjoined, for a period of twelve (12) months following May 19, 2026, from directly or indirectly soliciting, recruiting, inducing, encouraging, assisting in the solicitation or recruitment of, or otherwise interfering with Plaintiff's relationship with any current employee of Plaintiff.

4. **Confidential Information.** Except as expressly ordered by the Court for purposes of preservation, Defendants are restrained and enjoined from using, disclosing, transmitting, copying, downloading, retaining, deleting, destroying, modifying, disseminating, or otherwise exploiting any of Plaintiff's Confidential Information.

5. **Preservation of Evidence.** Defendants shall continue to comply with Paragraph 4 of the Court's June 18, 2026, Temporary Restraining Order (*see* Dkt. #16) and cease all document and information deletion protocols and preserve all documents, communications, electronically stored information, devices, accounts, repositories, cloud-storage locations, email accounts, messaging applications, removable media, logs and other materials, including those that contain, reflect, reference, or relate to: (a) Plaintiff's Confidential Information; (b) Defendants' acquisition, retention, storage, dissemination, or use of Plaintiff's Confidential Information; (c) Defendants' communications concerning Plaintiff's employees, and/or Plaintiff's customers; (d) any efforts by Defendants to solicit, recruit, or communicate with Plaintiff's employees, customers, or prospective customers; or (e) any communications between Defendants concerning Plaintiff or any Plaintiff employee. Such preservation shall be made by creating and maintaining a separate forensic copy of all such materials, which copy shall be retained by Defendants' counsel or a neutral third party and shall not be accessible to any Defendant or individual custodian.

6. **Return of Information.** To the extent more of Plaintiff's Confidential Information is discovered within Defendants' possession, custody, or control, within five (5) business days of such discovery, Defendants shall return Plaintiff's Confidential Information to Plaintiff.

7. **Deletion of Evidence/Information.** To the extent more of Plaintiff's Confidential Information is discovered within Defendants' possession,

custody, or control, within five (5) business days of such discovery, Defendants shall permanently delete all information delivered to Plaintiff in connection with Paragraph 7 from all devices, computers, mobile phones, tablets, removable media, cloud-storage locations, repositories, accounts (including email accounts), and any other locations on which any of Plaintiff's Confidential Information was stored, accessed, downloaded, transmitted, copied, or maintained, subject to the preservation obligations set forth in Paragraph 7.

8. **Identification and Certification.** To the extent more of Plaintiff's Confidential Information is discovered within Defendants' possession, custody, or control, within five (5) business days of such discovery, Defendants shall provide a sworn declaration identifying:

a. All devices, computers, mobile phones, tablets, removable media, cloud-storage locations, repositories, accounts (including email accounts), messaging applications, and other locations on which Plaintiff's Confidential Information was stored, accessed, downloaded, transmitted, copied, or maintained;

b. The categories of Plaintiff's information retained, downloaded, copied, transmitted, accessed, or maintained by Defendants;

c. All persons to whom Plaintiff's Confidential Information was disclosed, transmitted, made available, or discussed and an identification of the specific information shared;

d. Whether any of Plaintiff's Confidential Information was shared with any employee, officer, director, contractor, consultant, or agent of any of Hiive; and

e. The steps taken to preserve, return, remove, and cease use of Plaintiff's Confidential Information and otherwise comply with this Order.

9. **Security.** Plaintiff's previously posted security in the amount of $25,000.00 shall remain on deposit with the Court as security under Federal Rule of Civil Procedure 65(c), which amount the Court finds adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

10. **Duration.** This Preliminary Injunction shall remain in effect until the final resolution of this action or further Order of the Court.

SO ORDERED.

Dated: October 6, 2026
New York, New York

Katherine Polk Failla

KATHERINE POLK FAILLA
United States District Judge