ReedSmith
Lisa A. Chiarini
Direct Phone: +1 609 514 5981
Email: lchiarini@reedsmith.com

Reed Smith LLP
506 Carnegie Center
Suite 300
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

October 8, 2026

Via ECF and Email (Failla_NYSDChambers@nysd.uscourts.gov)

Honorable Katherine Polk Failla
United States District Judge
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

MEMO ENDORSED

***Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.* Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

Defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., Hiive Investments Inc., Conor Belzer, and Parina Ghafari (collectively, "Defendants") respectfully submit this letter motion, pursuant to Rule 9 of Your Honor's Individual Rules of Practice in Civil Cases, seeking to redact portions of the declaration of Conor Belzer filed in support of its Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction. It was recently brought to Defendants' attentions that certain client-identifying information was inadvertently not redacted from the previously-filed public version of Mr. Belzer's declaration, filed at Dkt. 138. Defendants submit this motion to file a substitute version of Mr. Belzer's declaration with the additional redactions.

The redactions apply only to portions that summarize or quote information designated by NPM or Hiive pursuant to the Protective Order and portions that reflect information consistent with NPM's redactions to its opening and reply Supplemental TRO papers and its Complaints filed in this action.[1]

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014)

[1] Defendants' redaction of NPM information is not an admission that any redacted information is confidential, proprietary, or a trade secret.

ReedSmith

(permitting redactions to a complaint containing confidential commercial information).

As described above, Defendants' sealing request is narrowly tailored to seal only business information that Plaintiff has deemed proprietary.

Defendants will file a substitute version with the additional redactions subsequent to this letter motion.

For the foregoing reasons, Defendants respectfully request that the Court grant this request to seal Dkt. 138.

Regards,

Lisa A Chiarini

Lisa A. Chiarini
REED SMITH LLP

Counsel for Defendants

Application GRANTED. Defendants may file with the additional redactions a substitute version of Mr. Belzer's declaration in support of their Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction. (Dkt. #138).

The Clerk of Court is directed to maintain under seal docket entries 138 and 212, viewable only to the parties and the Court. Further, the Clerk of Court is directed to terminate the pending motion at docket entry 211.

Dated: October 9, 2026
New York, New York

SO ORDERED.

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE