HAYNES BOONE

**Tiffany Cooke**
Direct Tel: 720-484-3719
Fax: 303.382.6210
*tiffany.cooke@haynesboone.com*

October 12, 2026

**Via ECF**
Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

MEMO ENDORSED

**RE:** ***Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.***
**Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

We write on behalf of Plaintiff Nasdaq Private Market, LLC ("NPM" or "Plaintiff") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases (the "Individual Rules"), NPM proposes that certain information be redacted in the transcript of the July 30, 2026 hearing on NPM's Motion for a Supplemental Temporary Restraining Order Against Defendant Parina Ghafari ("July 30 Transcript"), should the July 30 Transcript, which NPM understands remains currently sealed, be released to the public. The proposed redactions are being concurrently filed with this letter motion via a public version of the July 30 Transcript and a sealed version of the July 30 Transcript that has the information that NPM has designated as confidential under the Protective Order (Dkt. 20) highlighted in yellow and the information that Defendants[1] have designated as confidential under the Protective Order highlighted in blue.

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, No. 19-cv-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information—including proprietary business information, trade secrets, and customer-identifying information—where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting narrowly tailored sealing requests to protect confidential business information and trade secrets); *Oliver Wyman, Inc.*

[1] As used herein, (i) the term "Hiive" refers collectively to defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., and Hiive Investments Inc.; (ii) the term "Belzer" refers to defendant Conor Belzer; (iii) the term "Ghafari" refers to defendant Parina Ghafari; and (iv) the term "Defendants" refers, collectively, to defendants Hiive, Belzer, and Ghafari.

*v. Eielson*, 282 F. Supp. 3d 684, 705-08 (S.D.N.Y. 2017) (permitting redaction of client identities and other confidential commercial information where disclosure would harm the company's competitive standing).

NPM seeks to redact information in the July 30 Transcript identifying its clients and revealing confidential information regarding its clients. Recognizing the importance of protecting highly sensitive business information relating to a party's clients, courts in this District have repeatedly permitted customer-identifying information to be filed under seal or with narrowly tailored redactions. *See Oliver Wyman*, 282 F. Supp. 3d at 705-08 (permitting redaction of client identities where disclosure would harm the company's competitive standing); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (permitting customer-identifying information to remain under seal). One of NPM's central claims is that Defendants have actively purported to steal NPM's clients by misappropriating proprietary/trade secret information that Belzer and Ghafari took prior to their departure from NPM. As a result, the July 30 Transcript includes information reflecting NPM's clients. NPM respectfully submits that redacting information reflecting the names of its clients and information related to those clients is appropriate.

NPM further seeks to redact information in the July 30 Transcript considered to be Defendants' designated confidential information under the Protective Order (Dkt. 20). Although NPM does not concede that all of the material designated by Defendants warrants continued confidential treatment, it proposes redactions to the July 30 Transcript to comply with its obligations under the Protective Order. NPM reserves its rights and preserves its position that not all of the information designated confidential by Defendants should remain under seal.

Accordingly, NPM requests that if the July 30 Transcript is released to the public, it contain the proposed redactions narrowly tailored to the designated materials.

Respectfully submitted,

*/s/ Tiffany M. Cooke*
Tiffany M. Cooke
Partner

Application GRANTED. The Clerk of Court shall maintain under seal the July 30, 2026 Transcript, at docket entry 216, viewable only to the parties and the public.

Further, the Clerk of Court is directed to terminate the pending motion at docket entry 215.

SO ORDERED.

Dated: October 13, 2026
New York, New York

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE