HAYNES BOONE

Direct Phone Number +1 720-484-3719
tiffany.cooke@haynesboone.com

October 28, 2026

***Via ECF***

Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
Courtroom 618
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**Re: *Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.***
**Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

We write on behalf of Plaintiff Nasdaq Private Market, LLC ("NPM" or "Plaintiff") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases (the "Individual Rules"), NPM respectfully seeks leave to file redacted versions of its Response to Defendants' Motion for Reconsideration of the Preliminary Injunction Order and Response to Defendants' Rule 60(a) Motion Regarding the Court's Preliminary Injunction Order (the "Responses") fully under seal, with unredacted versions to be filed under seal. NPM's Responses include references and direct quotations to the transcript of the Preliminary Injunction hearing held on October 1 and 6, 2026. While the parties are currently working to prepare and submit limited proposed redactions by October 30, 2026, the transcript remains temporarily under seal until then. Accordingly, while NPM does not believe any of the content in its Responses requires redaction, out of an abundance of caution, NPM seeks to seal references and direct citations to the Preliminary Injunction hearing transcript. This information has been highlighted in yellow.

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, 19-cv-6239 (PKC), 2021 WL 1143694 at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information—including proprietary business information, trade secrets, and customer-identifying information—where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting

redactions to a complaint containing confidential commercial information); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting narrowly tailored sealing requests to protect confidential business information and trade secrets); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 705-08 (S.D.N.Y. 2017) (permitting redaction of client identities and other confidential commercial information where disclosure would harm the company's competitive standing).

Accordingly, NPM respectfully requests that the Court grant this Letter Motion to Seal.

Respectfully submitted,

*/s/ Tiffany M. Cooke*
Tiffany M. Cooke
Partner

Application GRANTED.

The Clerk of Court is directed to maintain under seal docket entries 235 and 237. Further, the Clerk of Court is directed to terminate the pending motion at docket entry 234.

Dated: October 29, 2026
New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE