HAYNES BOONE

**Tiffany Cooke**
Direct Tel: 720-484-3719
Fax: 303.382.6210
*tiffany.cooke@haynesboone.com*

October 30, 2026

**Via ECF**
Hon. Katherine Polk Failla
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse, Courtroom 618
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

**RE: *Nasdaq Private Market, LLC v. The Hiive Company Limited, et al.***
**Case No. 1:26-cv-05076 (KPF)**

Dear Judge Failla:

We write on behalf of Plaintiff Nasdaq Private Market, LLC ("NPM" or "Plaintiff") in the above-referenced matter. Pursuant to Rule 9 of the Court's Individual Rules of Practice in Civil Cases (the "Individual Rules"), NPM proposes that certain information be redacted in the transcript of the hearing on NPM's Motion for a Preliminary Injunction that took place on October 1 and October 6, 2026 ("PI Transcript"), prior to the Court's release of the PI Transcript to the public. The proposed redactions are being concurrently filed with this letter motion via a public version of the PI Transcript and a sealed version of the PI Transcript that has the information that NPM has designated as confidential under the Protective Order (Dkt. 20) highlighted in yellow, and that Defendants[1] have designated as confidential under the Protective Order (Dkt. 20) highlighted in blue.

Judicial documents are subject to a presumption of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). That presumption, however, may be overcome where sealing is necessary to preserve higher values and is narrowly tailored to serve that interest. *Id.* at 120; *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019). As this Court has recognized, "[e]stablished factors and values that can outweigh the presumption of public access [to judicial documents] include business secrecy." *Lexington Furniture Indus. Inc. v. Lexington Co. AB*, No. 19-cv-6239 (PKC), 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). Consistent with these principles, courts have permitted sealing or redaction of confidential commercial information—including proprietary business information, trade secrets, and customer-identifying information—where disclosure would cause competitive harm. *See, e.g.*, *New York v. Actavis, PLC*, No. 14 Civ. 7473 (RWS), 2014 WL 5353774, at *3-5 (S.D.N.Y. Oct. 21, 2014) (permitting redactions to a complaint containing confidential commercial information); *Samsung Elecs. Co. v. Microchip Tech. Inc.*, 748 F. Supp. 3d 257, 260-61 (S.D.N.Y. 2024) (granting narrowly tailored sealing requests to protect confidential business information and trade secrets); *Oliver Wyman, Inc.*

[1] As used herein, (i) the term "Hiive" refers collectively to defendants The Hiive Company Limited, Hiive Markets Limited, The Hiive Company (US) Inc., Hiive Advisors Inc., and Hiive Investments Inc.; (ii) the term "Belzer" refers to defendant Conor Belzer; (iii) the term "Ghafari" refers to defendant Parina Ghafari; and (iv) the term "Defendants" refers, collectively, to defendants Hiive, Belzer, and Ghafari.

HAYNES BOONE

*v. Eielson*, 282 F. Supp. 3d 684, 705-08 (S.D.N.Y. 2017) (permitting redaction of client identities and other confidential commercial information where disclosure would harm the company's competitive standing).

NPM seeks to redact information in the PI Transcript reflecting its employees' personal identifying information, its clients' identities, and confidential information regarding its clients. Recognizing the importance of protecting highly sensitive business information relating to a party's clients, courts in this District have repeatedly permitted customer-identifying information to be filed under seal or with narrowly tailored redactions. *See Oliver Wyman*, 282 F. Supp. 3d at 705-08 (permitting redaction of client identities where disclosure would harm the company's competitive standing); *Hypnotic Hats, Ltd. v. Wintermantel Enters., LLC*, 335 F. Supp. 3d 566, 600 (S.D.N.Y. 2018) (permitting customer-identifying information to remain under seal). One of NPM's central claims is that Defendants have actively sought to steal NPM's clients by misappropriating proprietary/trade secret information that Belzer and Ghafari took prior to their departure from NPM. As a result, the PI Transcript includes information reflecting NPM's clients. NPM respectfully submits that redacting information reflecting the names of its clients and information related to those clients is appropriate.

NPM has conferred with Defendants and has included the information that Defendants have requested to be redacted from the PI Transcript as information designated by Defendants as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—AEO" under the Protective Order.

Accordingly, NPM requests that when the PI Transcript is released to the public, it contains the proposed redactions narrowly tailored to the designated materials.

Respectfully submitted,

*/s/ Tiffany M. Cooke*
Tiffany M. Cooke
Partner

Application GRANTED.

The Clerk of Court shall maintain under seal the transcript of the Preliminary Injunction Hearing on October 1 and October 6, 2026, at docket entries 244 and 245. Any additional transcripts of the October 1 and 6, 2026 Preliminary Injunction Hearing shall be filed and maintained under seal.

Further, the Clerk of Court is directed to terminate the pending motion at docket entry 243.

SO ORDERED.

Dated: November 2, 2026
New York, New York

Katherine Polk Failla

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE